United States District Court
Southern District of Texas
**ENTERED**
July 07, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JUDON COLLINS, <br> (SPN #02611033), <br><br> *Plaintiff*, <br><br> vs. <br><br> DETENTION OFFICER CASTRO <br><br> *Defendant*. | § § § § § § § § § § § § § CIVIL ACTION NO. H-22-984 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Judon Collins (SPN #02611033), is a former pretrial detainee. While in the Harris County Jail and proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983, alleging excessive force by Jail Detention Officer Dana Castro. (Dkt. 1). At the Court's request, Collins also filed a more definite statement of his claims. (Dkt. 9). After an initial review under 28 U.S.C. § 1915A, the Court ordered service of process on Officer Castro. (Dkt. 15). She filed an answer, (Dkt. 17), followed by a motion for summary judgment with multiple exhibits. (Dkt. 21). Collins did not file a response to the motion, and his time to do so has now expired. Based on the complaint, the motion and its exhibits, all matters of record, and the law, the Court grants Officer Castro's motion for summary judgment and dismisses Collins's complaint.

## I. BACKGROUND

When he filed his complaint, Collins was a pretrial detainee at the Harris County Jail, being held on a multiple serious charges. (Dkt. 9, p. 2). Collins alleges that on May 31, 2021, he was in his cell drinking coffee when Officer Castro walked by during a cell search. (*Id.* at 3). Collins alleges that his left arm was resting on the "pan hole" in his cell door and he was trying to ask Officer Castro a question when she threw hot water at him, burning his left arm. (*Id.*). Collins denies that he did or said anything that would have caused Officer Castro to do this. (*Id.* at 4-5). He alleges that his left arm was burned and that Jail medical staff gave him a cream to treat the burn. (*Id.* at 5-6). He also alleges that he was traumatized by this event and is now on medications for the trauma as well. (*Id.*).

Officer Castro answered Collins's complaint and filed a motion for summary judgment. (Dkts. 17, 21). In support of her motion, Officer Castro filed her affidavit, in which she testifies that on May 31, 2021, during her morning rounds, she discovered a modified "hot pot" outside one of the cells. (Dkt. 21-1, p. 1). It had holes drilled in the bottom, which were concealed by stickers. (*Id.*). Officer Castro testifies that in her ten years of experience and training, she has seen inmates modify hot pots in this way to allow them to boil water that they can then throw on other inmates and staff. (*Id.* at 1-2). Because the modified hot pot violated Jail rules, she confiscated the item. (*Id.* at 2).

2

Officer Castro began walking toward a security area with the hot pot, and Collins started yelling from inside his cell, expressing anger that his hot pot had been confiscated. (*Id.*). As Officer Castro passed Collins's cell, he threw a cupful of dark liquid toward her, which she believed to be hot coffee. (*Id.*). When the liquid hit her, she flinched, causing the water from the hot pot to splash onto her hands and the floor. (*Id.*). She alleges that none of the water from the hot pot hit Collins. (*Id.*).

Officer Castro immediately called for additional officers, and Collins was removed from his cell. (*Id.*). Officer Castro told Collins that he was being charged with assault on an officer. (*Id.*). Collins was given the opportunity to make a statement, but he refused. (*Id.*). Collins was then escorted to the medical clinic because he was complaining that he had been burned by the water. (*Id.*). Officer Castro denies that she spilled or threw any water on Collins. (*Id.*). She also denies that she harbors any ill will or malice toward Collins. (*Id.*).

Officer Castro also supported her motion for summary judgment with a copy of the incident report concerning these events and a letter closing the grievance Collins filed against her. (Dkts. 21-3, 21-4). The incident report, dated June 2, 2021, states that Collins became angry when Officer Castro confiscated his hot pot. (Dkt. 21-3, p. 2). As Officer Castro walked past Collins's cell, he moved as if to throw the contents of his coffee cup on Officer Castro, causing her to flinch to avoid the coffee. (*Id.*) This movement caused water from the hot pot to spill onto her hand

and the floor. (*Id.*). Collins then threw the entire contents of his cup at Officer Castro, soaking her shoulder and torso. (*Id.*). When she was hit by the liquid, Officer Castro flinched again, causing more water to spill from the hot pot onto her hands and the floor. (*Id.*). Because Collins stated that some of the water from the hot pot hit him, he was escorted to the medical clinic. (*Id.*). As a result of the incident, Collins was charged with assault on a staff member. (*Id.*).

The administrative investigation letter reflects that Collins filed an inmate grievance against Officer Castro on June 2, 2021, concerning the May 31 incident. (Dkt. 21-4, p. 1). The resulting investigation determined that Collins became angry with Officer Castro after she confiscated his hot pot. (*Id.*). As a result, Collins "wanted to harm the officer" and threw coffee at her. (*Id.*). Collins was escorted to the medical clinic immediately after the incident complaining that he had been burned, but once there, he denied any pain. (*Id.*). The medical provider did not see any redness, bruising, blisters, or open areas that appeared to be burns on Collins's arm. (*Id.*). Photographs also show no visible injury or discoloration on his arm. (*Id.*). Video from the cell block did not capture the incident itself. (*Id.* at 2). Collins's grievance was closed as unfounded. (*Id.*).

Officer Castro also submitted portions of Collins's medical records in support of her motion. (Dkt. 22). These records confirm that Collins reported to the medical provider that he wanted to harm Officer Castro because she took away his hot pot.

4

(*Id.* at 11). The records also show that Collins's arm did not have redness, bruising, or blisters and that he denied any pain. (*Id.* at 15). Instead, he reported only that "his skin stinks." (*Id.*). The provider prescribed silver sulfadiazine cream for Collins's arm. (*Id.* at 18-19). The provider noted that Collins had previously been diagnosed with bipolar disorder, PTSD, and PSD and that he was on medications for these conditions, which he reported were "working well." (*Id.* at 11). No mental health medications were changed or added. (*Id.*). However, the provider made a referral to psychiatry due to Collins's stated intent to harm Officer Castro. (*Id.* at 18-19).

In its order for service of process, the Court advised Collins that he had thirty days in which to file a response to a motion for summary judgment. (Dkt. 15, p. 3). The Court also advised Collins that under Southern District of Texas Local Rule 7.4, any failure to respond to the motion would be viewed as "a representation of no opposition." (*Id.*). Despite having notice and an ample time to respond, Collins did not file a response to Officer Castro's motion, and his time to do so has now expired.

## II. LEGAL STANDARDS

### A. Actions Under 42 U.S.C. § 1983

Collins filed his complaint against Officer Castro under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v.*

5

*Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The dispute in this case focuses on the first element: whether Officer Castro violated Collins's constitutional rights.

### B. <u>Summary-Judgment Standard</u>

Officer Castro responded to Collins's complaint with a motion for summary judgment. "Summary judgment is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (quoting FED. R. CIV. P. 56(a)). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). "A fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 134 (5th Cir. 2010)). "A dispute is genuine if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (cleaned up).

When considering a motion for summary judgment, the Court must view all evidence and draw all inferences "in the light most favorable to the [nonmoving] party." *Tolan*, 572 U.S. at 657 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)); *see also Dyer*, 964 F.3d at 380. However, if record evidence clearly contradicts the plaintiff's version of events, the Court "should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Waddleton v. Rodriguez*, 750 F. App'x 248, 253-54 (5th Cir. 2018) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). Further, the Court does not consider the nonmoving party's conclusory allegations and unsubstantiated assertions as evidence. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

### C. *Pro Se* Pleadings

Because Collins is proceeding *pro se*, the Court construes his filings liberally, subjecting them to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But even under this lenient standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (quoting *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 421 (5th Cir. 2013)).

"*Pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (footnotes omitted).

## III. DISCUSSION

### A. Excessive Force

Construed liberally, Collins's complaint alleges that Officer Castro used excessive and unnecessary force when she threw hot water on him for no reason, resulting in a burn on his arm. Pretrial detainees like Collins have a due process right under the Fourteenth Amendment to be free "from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 400 (2015). To show that a government official's actions constitute punishment, the detainee must show that the actions were inspired by malice and amounted to an abuse of official power, rather than simply that the actions were careless or unwise. *See Petta v. Rivera*, 143 F.3d 895, 902 (5th Cir. 1998) (per curiam). However, "in the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley*, 576 U.S. at 398 (quoting *Bell v. Wolfish*, 441 U.S. 520, 561 (1979)).

8

### 1. **Intent to Punish**

Collins's complaint and more definite statement do not allege facts showing that Officer Castro acted with malice or a punitive intent. Collins alleges that Officer Castro threw water on him from the confiscated hot pot after he asked a question. But other than the facts of the incident itself, Collins does not allege any facts demonstrating that Officer Castro harbored ill will or malice towards him or that she was trying to punish him. And while the act of throwing hot water on a detainee, assuming that fact to be true, might support a conclusion that Officer Castro acted inappropriately, it does not show that her actions were intended as punishment or constituted an abuse of her position. Collins's allegations, standing alone, are insufficient to raise an issue of fact material to whether Officer Castro had any punitive or malicious intent towards Collins.

Moreover, contrary to Collins's allegations, the summary judgment evidence shows that the incident with the hot pot was an accident. The evidence shows that while Officer Castro was carrying the confiscated hot pot past Collins's cell door, she flinched because she believed he intended to throw hot coffee on her. When she flinched, water from the hot pot splashed out of the pot. While Officer Castro denies that any water hit Collins, even if some of the water did hit his arm, nothing shows that this resulted from an intentional or malicious act rather than an accident. And even if Officer Castro was negligent in how she transported the hot pot, negligence

9

that results in an accidental injury does not support a claim for excessive force under § 1983. *See Kingsley*, 576 U.S. at 396; *County of Sacramento v. Lewis*, 523 U.S. 833, 848 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); *McClendon v. City of Columbia*, 305 F.3d 314, 326 (5th Cir. 2002) (en banc) ("[T]o state a viable substantive due process claim the plaintiff must demonstrate that the state official acted with culpability beyond mere negligence.").

Collins does not direct this Court's attention to any disputed issue of fact material to the determination of whether Officer Castro acted with malice or an intent to punish Collins. In the absence of such evidence, Collins has failed to carry his burden to raise a question of fact sufficient to avoid summary judgment on this basis.

### 2. Use of Objectively Unreasonable Force

If a pretrial detainee fails to show that a government official acted with an intent to punish, he may still prove an excessive force claim by showing that the "force purposefully and knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97; *see also Fairchild v. Coryell Cnty., Tex.*, 40 F.4th 359, 362 (5th Cir. 2022). Whether force is objectively reasonable "turns on the 'facts and circumstances of each particular case'" and is considered from the perspective of a reasonable official. *Kingsley,* 576 U.S. at 397 (quoting *Graham v. Connor*, 490 U.S. 386 (1989)). Factors to consider regarding the reasonableness of the use of force

include "the relationship between the need for force and amount of force used; the extent of the plaintiff's injury; any effort made to temper or limit the amount of force; the severity of the security problem at issue; the threat perceived by the officer; and whether the plaintiff was actively resisting." *Lombardo v. City of St. Louis, Mo.,* 141 S. Ct. 2239, 2241 (2021) (quoting *Kingsley,* 576 U.S. at 397).

Applying the *Kingsley* factors to the facts of this case compels this Court to conclude that any use of force by Officer Castro was not objectively unreasonable. Officer Castro confiscated the altered hot pot because it did not comply with Jail rules—a legitimate action necessary to maintain Jail security. In response to Collins's threat to throw hot coffee on her, Officer Castro flinched, causing hot water to spill or splash from the hot pot. It is undisputed that Officer Castro did not strike Collins or use any physical force against him and that he was hit only by splashing water. This splashed water resulted in, at most, a minor skin burn. Collins was escorted to the medical clinic immediately after the incident, but no burns or other injuries were visible to medical staff, and he denied any pain. Even viewing this evidence in the light most favorable to Collins, these facts do not establish anything more than a *de minimis* use of force resulting in a *de minimis* injury[1] that is

---

[1] Collins alleges that he also suffered mental and emotional trauma and sleep disorders as a result of the incident. (Dkt. 9, p. 6). But the medical records show that Collins was being treated for mental health issues and sleep issues before the incident and that no changes in treatment were necessary as a result of the incident. (Dkt. 22, p. 11).

11

insufficient to support a claim for a constitutional violation. *See, e.g., Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) ("Because he suffered no injury, we find that the spraying of Jackson with the fire extinguisher was a *de minimis* use of physical force and was not repugnant to the conscience of mankind."); *see also Vaughn v. Acosta*, No. EP-20-CV-00246-KC-ATB, 2021 WL 232135 (W.D. Tex. Jan. 22, 2021) (jail official throwing bucket of water on a wheelchair-bound pretrial detainee with no resulting injury was a *de minimis* use of force that would not support a claim for constitutionally excessive force); *Young v. Allen*, No. 6:11-cv-596, 2012 U.S. Dist. LEXIS 49529, at *9 (E.D. Tex. 2012) (holding that an "[officer's] actions in throwing a pitcher of water on [the plaintiff], while unnecessary and uncalled for, [did] not amount to anything more than a *de minimis* use of force.").

The summary judgment evidence shows that Officer Castro did not intend to punish Collins and that her response to the threat posed by Collins was objectively reasonable. And even if Officer Castro did, in fact, throw water on Collins, that act was a *de minimis* use of force resulting in an injury too minor to support a claim for a constitutional violation. Collins's conclusory and unsupported allegations of a punitive assault are insufficient to avoid summary judgment. Officer Castro is

---

The records also show that Collins sought to use the incident with Officer Castro to further his desire to secure a one-man cell in the mental health unit. (*Id.*). His claim of mental injury, supported by only his self-serving allegations, is insufficient to show that he suffered a more serious injury.

therefore entitled to summary judgment on Collins's excessive force claim.

## B. Qualified Immunity

Alternatively, even if there was some evidentiary basis upon which to conclude that Officer Castro used constitutionally excessive force and burned Collins as a result, Officer Castro would be entitled to summary judgment under the doctrine of qualified immunity. "[Q]ualified immunity shields officials from civil liability so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (per curiam) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009)). The doctrine is intended to protect officers who "reasonably but mistakenly" violate a plaintiff's constitutional rights, *see Freeman v. Gore*, 483 F.3d 404, 415 (5th Cir. 2007) (quoting *Goodson v. City of Corpus Christi*, 202 F.3d 730, 736 (5th Cir. 2000)), and it "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix*, 577 U.S. at 12 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

When a government official moves for summary judgment based on qualified immunity, "the burden . . . shifts to the plaintiff, who must rebut the defense by establishing a genuine fact [dispute] as to whether the official's allegedly wrongful conduct violated clearly established law." *Dyer*, 964 F.3d at 380 (quoting *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010)); *see also Ramirez v. Escajeda*, 44 F.4th

13

287, 291 (5th Cir. 2022). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little,* 37 F.3d at 1075). Instead, the nonmoving party must identify specific evidence in the record and explain how that evidence supports that party's claim. *See Willis v. Cleco Corp.,* 749 F.3d 314, 317 (5th Cir. 2014).

Collins does not meet this burden. Even if this Court were to accept Collins's unsupported allegation that Officer Castro deliberately threw water on him—a finding this Court does not make—such a trivial use of force does not constitute constitutionally excessive force. In making this determination, the Court does not rely on the extent of Collins's injury. Instead, the decision is focused on the amount of force used. *See Wilkins v. Gaddy,* 559 U.S. 34, 38 (2010). The evidence shows that there was no physical contact between Officer Castro and Collins, and there is no evidence that the hot pot itself hit Collins. Instead, Collins was hit only by hot water which resulted in—at most—a small, barely burned area on his left arm. Such *de minimis* injuries resulting from a *de minimis* use of force are insufficient to state an actionable constitutional claim.

Collins does not direct this Court's attention to any evidence that Officer Castro's allegedly wrongful conduct violated clearly established law, and his

14

unsupported allegations that she acted maliciously and unreasonably are insufficient to carry his burden. Because the facts, taken in the light most favorable to Collins, do not show that Officer Castro used constitutionally excessive force when she threw hot water, Officer Castro is entitled to summary judgment in her favor. Collins's complaint will be dismissed.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's motion for summary judgment, (Dkt. 21), is **GRANTED**.

2. The action against Officer Castro is **DISMISSED** with prejudice.

3. Any pending motions are **DENIED as moot**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas on _____ July 6 _____, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE